UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| G.T., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-CV-128 HEA |
| | ) |
| LIBERTY MUTUAL FIRE | ) |
| INSURANCE COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff G.T.'s Motion to Remand, which Defendant James McLaurie joins.[1] (ECF Nos. 37 and 41). Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") opposes the motion, which is fully briefed and ripe for review. Based on Defendant James McLaurie's joinder in the Motion to Remand, this matter will be remanded to state court.

*I. Background*

On May 3, 2023, Plaintiff G.T. brought suit in the Circuit Court of St. Charles County, Missouri against James and Susan McLaurie for the physical and sexual

---

[1] Also pending before the Court are Liberty Mutual's Motions to Strike Blake Markus's Entry of Appearance on Behalf of Decedent Susan McLaurie, to Strike Decedent Susan McLaurie's Disclosure Statement, to Bifurcate and Stay Discovery and Trial as to Counts II-V of Plaintiff's Complaint, to Stay Pending Ruling on Plaintiff's Motion to Remand, and to Strike and to Enforce the Parties' Agreed Upon Stay, (EFC Nos. 13, 33, 43, 49, and 72), as well as Plaintiff's Motion to Appoint Defendant *ad Litem* and Motion to Strike Answer to Complaint, (ECF Nos. 19 and 70). The Court declines to address these motions as case is being remanded to state court.

abuse she endured while she was in their care during certain periods of time between March 2008 and May 2009, when she 3-4 years old.[2] *See G.T. v. McLaurie, et al.*, Case No. 2311-CC00467 ("Underlying Litigation"). Plaintiff brought separate claims of negligence against James McLaurie and Susan McLaurie for negligent supervision. On October 30, 2024, following a bench trial, the Honorable W. Christopher McDonough entered Judgment in favor of Plaintiff G.T. and against Defendants James McLaurie for $150,000,000, and in favor of Plaintiff G.T. and against Susan McLaurie for $150,000,000, for a total judgment of $300,000,000.

On January 17, 2025, Plaintiff filed a Petition against Defendants Liberty Mutual, James McLaurie, and Susan McLaurie in the Circuit Court of St. Charles County, Missouri seeking to collect on the Judgment entered in the Underlying Litigation. *G.T. v. Liberty Mutual Fire Insurance Company,* Case No. 2511-CC00068. In her Petition, Plaintiff brings claims for Equitable Garnishment under Mo. Rev. Stat. § 379.200 against all three defendants (Count I). Plaintiff also brings claims of Bad Faith (Count II), Breach of Contract (Count III), and Breach of Fiduciary Duty (Count IV) against Liberty Mutual. Plaintiff alleges Liberty Mutual

---

[2] Susan McLaurie died on August 1, 2022, approximately nine months before the Underlying Litigation was filed. The state court appointed attorney Blake I. Markus as *defendant ad litem* to act as the legal representative of Susan McLaurie, the deceased wrongdoer and insured. *See* Mo. Rev. Stat. § 537.021(1).

2

provided Susan and James McLaurie with coverage under three insurance policies, and that the policies provided coverage for the negligence claims asserted in the Underlying Litigation. Liberty Mutual denied coverage under the polices and refused to provide Defendants James and Susan McLaurie a defense.

On January 31, 2025, Defendant Liberty Mutual removed the cause of action to this Court. Defendant James McLaurie was not served at the time of removal and has never been served. Defendant James McLaurie voluntarily entered an appearance on February 21, 2025. He did not join in Liberty Mutual's Notice of Removal, and in fact, on March 13, 2025, he joined Plaintiff's Motion to Remand. Defendant Susan McLaurie also did not join in the removal.

In its Notice of Removal, Liberty Mutual avers this Court has original jurisdiction over the dispute pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and each of the Defendants and that the amount in controversy exceeds $75,000. (ECF No. 1 at 5). Complete diversity, however, is lacking on the face of the Petition, as Plaintiff and Defendant James McLaurie are alleged to be citizens of Missouri.[3] Liberty Mutual avers that

---

[3] Liberty Mutual avers that it is an insurance company organized and existing under the laws Wisconsin with its principal place of business in Massachusetts. Prior to her death, Susan McLaurie was an individual resident and citizen of the State of Tennessee. However, as Susan McLaurie is deceased, Liberty Mutual argues her citizenship should be disregarded for purposes of diversity.

Defendant James McLaurie, who is presently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri, is a citizen of Texas. Alternatively, Liberty Mutual argues Defendants James McLaurie should be realigned with Plaintiff. Plaintiff GT and Defendant James McLaurie seek remand under 28 U.S.C. § 1447(c).

## *II. Legal Standard*

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1) there must be complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). Diversity jurisdiction requires "complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 564 (2005) (cited case omitted). Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

### *III.   Discussion*

In moving to remand, Plaintiff G.T. and Defendant James McLaurie assert that this Court lacks jurisdiction because complete diversity does not exist between the parties.  *See* 28 U.S.C. § 1332.  Specifically, they argue both Plaintiff G.T. and Defendant James McLaurie are citizens of Missouri.[4]  In opposing remand, Liberty Mutual argues that Defendant James McLaurie is a citizen of Texas.  It also urges the Court to realign the parties so that Defendant James McLaurie is aligned with Plaintiff G.T. and not the defendants.  The Court will first address the alignment issue before turning to the citizenship of Defendant James McLaurie.

**A. Alignment of Parties**

According to Liberty Mutual, there is no actual, substantial controversy between G.T. and James McLaurie.  The company points to the fact that G.T. is not bringing claims against James McLaurie in Counts II-IV of her Amended Complaint, and it contends G.T. and James McLaurie are not adverse with respect to Count I, the equitable garnishment claim, but rather their interests are aligned.  Liberty Mutual argues both parties have an interest in having all or a part of the judgment in the Underlying Litigation satisfied by the insurer.  Liberty Mutual asserts James

---

[4]There is no dispute that the requisite amount in controversy is met.  *See* 28 U.S.C. § 1332(a).

McLaurie is a nominal defendant who *may* to be joined pursuant to Mo. Rev. Stat. § 379.200 and, therefore, he should not be considered a defendant in this case for purposes of determining diversity jurisdiction.

The alignment of parties in the pleadings as plaintiffs and defendants is not conclusive in determining whether complete diversity of citizenship exists. *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966). It is the duty of the federal courts to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941) (quoted case omitted)).

Courts, including the Eighth Circuit, have consistently held that Section 379.200 does not just permit a plaintiff to join the judgment debtor in an equitable garnishment action, but rather a plaintiff is *required* to join the judgment debtors in an action filed pursuant to the statute. *See, e.g., Glover v. State Farm Fire & Cas. Co.*, 984 F.2d 259, 261 (8th Cir. 1993) (recognizing "the plain statutory command that the judgment debtor be joined in an action under § 379.200"). In fact, in *Glover*, the Eighth Circuit not only affirmed the district court's ruling that Section 379.200 required the joinder of the judgment debtor/insured, but it also affirmed the lower court's ruling that "[the plaintiff] could not bring such an action [under Section 379.200] in federal court." *Id.* at 260-261. The Court of Appeals wrote that "joinder

6

of the [judgment debtor/insured] in the federal action would destroy diversity jurisdiction," because the plaintiff and the judgment debtor/insured were both citizens of Missouri. *Id.* at 260. Following the holding in *Glover,* lower federal courts sitting in Missouri have declined to realign the parties in suits brought pursuant to Section 379.200. *See, e.g., Fowler v. STL Trucking, LLC*, No. 4:22-CV-955 AGF, 2022 WL 17829837, at *4 (E.D. Mo. Dec. 21, 2022) (declining to realign the parties and finding diversity jurisdiction does not exist to entertain the removed action); *Otten v. Liberty Mut. Ins. Co.*, No. 4:17-CV-2526 CDP, 2018 WL 3861340, at *2 (E.D. Mo. Aug. 14, 2018) (same); *Hart v. Knockerball MidMo, LLC*, No. 2:17-CV-4182 NKL, 2017 WL 6209235, at *3 (W.D. Mo. Dec. 8, 2017) (same).

The Court finds Defendant James McLaurie is a necessary and proper defendant in Count I and declines to realign the parties in this case. *Glover*, 984 F.2d at 261; *Fowler*, 2022 WL 17829837 at *4; *Otten*, 2018 WL 3861340 at *2; *Hart*, 2017 WL 6209235 at *3. Defendant James McLaurie remains a defendant for determining diversity jurisdiction.

### B. Citizenship of Defendant James McLaurie

The parties also dispute the citizenship of Defendant James McLaurie, who is an inmate at the Potosi Correctional Center, in Mineral Point, Missouri. Defendant James McLaurie was charged and convicted in the Circuit Court of St. Charles

County, Missouri, following jury trial on four felony counts of statutory sodomy in the first degree, child molestation in the first degree, statutory rape in the first degree, and sexual misconduct involving a child by indecent exposure. *See State of Missouri v. McLaurie*, Case No. 1611-CR02473.  He is serving a 60-year sentence and may be eligible for parole in 2038.  Defendant James McLaurie was charged based on events that occurred between 2008 and 2009 when he was living in Missouri.  But Defendant James McLaurie was living in Texas in 2016 when he was indicted on the four felony counts.

Liberty Mutual contends Defendant James McLaurie is a citizen of Texas, where Defendant James McLaurie was domiciled prior to his incarceration in Missouri.  Plaintiff and Defendant James McLaurie do not contest that James McLaurie was domiciled in Texas prior to his incarceration but contend that he has changed his domicile and is now a citizen of Missouri.

"For purposes of federal jurisdiction, domicile and citizenship are synonymous terms." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 839 (8th Cir. 2022).  Once an individual establishes his state of citizenship, he remains a citizen of that state until he legally acquires a new state of citizenship. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 769 (8th Cir. 2005).  With respect incarcerated persons, there is a presumption that a prisoner does not acquire a new domicile when he is

incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration. *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977). This presumption, however, can be rebutted, as there are "exceptional circumstances" that "would justify a finding that [the prisoner] has acquired a new domicile at the place of his incarceration." *Id.* at 251. According to the Eighth Circuit, a prisoner retains the domicile he had prior to his incarceration, unless the prisoner can point to facts sufficient to indicate *a bona fide* intention to change his domicile to the place of his incarceration. *Id.* Facts that are relevant to a prisoner's domicile include the following: the nature of the crime of conviction, the possibility of parole, business transactions, personal relationships, and property ownership. *Id.* In the case at bar, the parties dispute what effect the presumption has on the burden of proof and what evidence Plaintiff and Defendant James McLaurie must produce, if any, to establish Defendant James McLaurie changed his domicile.

Liberty Mutual, as the removing party, bears the burden of proof and must establish federal jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The burden of proof has two elements – a burden of production, also known as the burden of producing evidence, and a burden of persuasion. Policy Background; Burdens of Proof, 21B Fed. Prac. & Proc. Evid. § 5122 (2d ed.). In general, when a presumption arises in a case, it

shifts the burden of production, in other words the burden of going forward with proof, but it does not shift the ultimate burden of persuasion, the burden of persuading the trier of fact.  *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (hold that as in the case of all presumptions, the ultimate burden of persuasion does not change) (citing Fed. Rule Evid. 301).

The Tenth Circuit Court of Appeals has explained the presumption against a change in domicile as follow:

> Here's how we think it works. Start with the rule that a party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence. … The party invoking diversity jurisdiction might satisfy this burden by leaning on a rebuttable presumption that its domicile, once established, remains the same. ...
>
> But that presumption is a rebuttable one, and the party seeking to rebut it bears only a burden of production—not persuasion. In other words, the party seeking to rebut the presumption need only produce sufficient evidence suggesting that domicile has changed; the party need not prove it. … As a definitional matter, a party produces sufficient evidence when it produces enough evidence substantiating a change [in domicile] to withstand a motion for summary judgment or judgment as a matter of law on the issue. … And if a party successfully rebuts the presumption, it disappears from the case, leaving us at square one: The plaintiff bears the burden of proving diversity by a preponderance of the evidence. … Fed. R. Evid. 301 (explaining presumptions).

*Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quotations and some citations omitted).  *See also McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 288 (3d Cir. 2006) ("the presumption favoring an established domicile

places the burden of production on the party alleging a change in domicile, but does not affect the burden of persuasion, which remains throughout with the proponent of federal jurisdiction).

In the Eighth Circuit, however, the effect of the presumption against a change in domicile is more muddled.  The Eighth Circuit recognized the presumption regarding a prisoner's domicile in *Jones,* however, when the Court of Appeals analyzed the prisoner plaintiff's domicile and applied the presumption, it did not look to evidence in the record.  552 F.2d at 250.  Rather, it examined whether the plaintiff prisoner had alleged sufficient facts in his complaint to indicate a change in domicile, which it found he had not.  *Id.*

Plaintiff and Defendant James McLaurie argue, based on *Jones*, that they need not come forward with evidence to rebut the presumption and that factual allegations can meet their burden of production.  But *Jones,* was in a different procedural posture than the case at bar.  There, the lower court had reviewed the prisoner plaintiff's *pro se* complaint and dismissed *sua sponte* for lack of subject matter jurisdiction.  *Id.*  The prisoner plaintiff appealed the dismissal and argued he had changed his domicile and, therefore, there was diversity jurisdiction.  On appellate review, the Eighth Circuit recognized the rebuttable presumption for a change in a prisoner's domicile, but it concluded, based on the record before it, that there were

11

insufficient allegations in the plaintiff's complaint that would indicate there was even an issue of fact about a change in domicile. *Id.* Significantly, the Eighth Circuit did not hold that the presumption could be rebutted in a contested motion by allegations alone.

Liberty Mutual argues that the presumption must be rebutted with evidence but citing to *Eckerberg v. Inter-State Studio & Publishing Company*, 860 F.3d 1079, 1085 (8th Cir. 2017), Liberty Mutual contends that the burden is now on Defendant James McLaurie to establish by *clear and convincing evidence* that his has changed his domicile to Missouri – which in a higher standard than normally what is required to establish jurisdiction in the Eighth Circuit. *In re Prempro Prods.*, 591 F.3d at 620. In *Eckerberg*, the Eighth Circuit addressed the domicile of an enlisted serviceman. The Court of Appeals wrote that the party challenging jurisdiction "has the burden of establishing jurisdiction by competent proof and by a preponderance of the evidence." *Id.* at 1084. But quoting a case from the First Circuit, the court proceeded to write: "'Service personnel are presumed not to acquire a new domicile when they are stationed in a place pursuant to orders; they retain the domicile they had at the time of entry into the services,' yet this presumption may be rebutted by '*clear and unequivocal* evidence.'" *Id.* (emphasis added) (citing *Melendez-Garcia v. Sanchez*, 629 F.3d 25, 41 (1st Cir. 2010)).

It is unclear from *Eckerberg* and subsequent case law whether the Eighth Circuit has adopted a clear and convincing standard of proof for determining changes in domicile in general, or if the application of this heightened standard is more limited and only applies in cases of service members.  Notably, nowhere in the *Jones* opinion – the only case in which the Eighth Circuit has addressed a change in domicile for prisoners – does the court suggest a heightened "clear and unequivocal evidence" standard must be met to rebut the presumption of the domicile for incarcerated persons.  *Jones*, 552 F.2d at 251.

The Court finds G.T.'s and Defendant James McLaurie's argument that they need not come forward with evidence and can rest on allegations is unpersuasive. Based on Eighth Circuit case law and how presumptions are utilized in general, the Court finds that to rebut the presumption regarding a prisoner's domicile, G.T. and Defendant James McLaurie must come forward with evidence to support a finding that there was a change in domicile.  *Eckerberg*, 860 F.3d at 1085; *Middleton*, 749 F.3d at 1200; *McCann* 458 F.3d at 288; *see also Altimore*, 420 F.3d at 768 (evaluating *evidence* to determine whether the plaintiff had changed his domicile). That said, the Court need not decide what burden of proof Plaintiff G.T. and Defendant James McLaurie must meet to rebut the presumption as to a prisoner's domicile – whether it is by clear and convincing evidence or preponderance of the

13

evidence – because Plaintiff and Defendant James McLaurie have failed to come forward with sufficient evidence under either standard.

Plaintiff G.T. produced no evidence to rebut the presumption, which does not meet her burden of production.  Defendant James McLaurie for his part filed a signed "Statement" in which he states that he does not own or rent real estate in Texas – or any other state – and he has no remaining ties to Texas.  (ECF No. 80, Ex. 1).  He states that he understands that upon his release, he will be subject to strict supervision by the Missouri Department of Corrections, Probation and Parole, and that he intends to follow Missouri's laws, regulations and policies of supervision, and he will find a home or rental property in Missouri.  He states that he has no plans for living outside of Missouri, and he considers himself a resident of Missouri.  He further states that despite having some family outside of Missouri, if his conviction is overturned, he plans to reside in Missouri in order to build a support system.

James McLaurie's Statement, however, is not admissible evidence because while it was signed with two witnesses, it is neither a notarized affidavit executed under oath, nor a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746.  *Banks v. Deere*, 829 F.3d 661, 668 (8th Cir. 2016).  An unsworn statement that is not an affidavit executed under oath can only be considered as evidence if it

was signed "under penalty of perjury" and verified as true and correct, in the form required by 28 U.S.C. § 1746. *Basham v. Midland Funding, LLC*, No. 4:15-CV-30 CDP, 2022 WL 1125500, at *5 (E.D. Mo. Apr. 15, 2022), *aff'd,* No. 22-1931, 2023 WL 115860 (8th Cir. Jan. 6, 2023). Plaintiff G.T. and Defendant James McLaurie have failed to meet their burden and produce evidence to rebut the presumption that Defendant James McLaurie remains a citizen of Texas.[5] Therefore, the Court will deny without prejudice Plaintiff G.T.'s Motion to Remand. 28 U.S.C. § 1447(c). As for Defendant James McLaurie, he joined in the Motion to Remand. This raises the issue of whether he consents to Liberty Mutual's choice of forum, to which the Court now turns.

**C. Consent to Removal**

When a civil action is removed pursuant to § 1441(a) "all defendants who have been properly joined and served must join in or consent to the removal of the

---

[5]The Court has remaining concerns as to whether there is subject matter jurisdiction in this case, because the unsworn statement, if taken as true, supports a finding that James McLaurie has abandoned his domicile in Texas, and that he intends to reside in Missouri indefinitely, even if when released on parole. And if Defendant James McLaurie has changed his domicile to Missouri, diversity jurisdiction does not exist, and the Court lacks authority over this case. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381 (1998) (noting federal courts are courts of limited jurisdiction, and in the absence of jurisdiction, a court is powerless to act); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828–829 (8th Cir. 2004) (same). A motion to remand for lack of subject matter jurisdiction is not subject to a 30-day time limitation. *See* 28 U.S.C. § 1447(c). "[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See Id.; Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

action." 28 U.S.C. § 1446(b)(2)(A); *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012) ("Where there are multiple defendants, all must join in a [notice] to remove within thirty days of service."). This "unanimity requirement" serves important interests by "prevent[ing] duplicative litigation and bar[ring] one defendant from imposing his forum of choice on co-defendants." *Id.* at 933. Although "each defendant need not necessarily sign the notice of removal ... [t]here must, however, be some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating that the defendant has actually consented to the removal." *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008) (internal citations and quotations omitted). *See also Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) (holding there is no "hardline requirement" as to the time and form for a non-removing defendant to consent to removal). If one defendant fails to consent to the removal, then the removal is rendered defective. *Pritchett*, 512 F.3d at 1062.

At the time of Liberty Mutual's removal from state court, Defendant James McLaurie had not been served. Therefore, his consent was not necessary for removal because obtaining the consent of an unserved defendant is not required to effectuate removal to federal court. 28 U.S.C. § 1446(b)(2)(A); *Roberts v. Palmer*,

16

354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005). If, however, a defendant is served following removal, it may exercise its right to choose the state forum by filing a motion to remand. 28 U.S.C. § 1448. A defendant "[is] not deprived of its right to move to remand the case by virtue of not being served at the point of removal." *Saller v. N. Pointe Ins. Co.*, No. 16-003090-CV-S-RK, 2016 WL 10637094, at *2 (W.D. Mo. July 25, 2016). In effect, a defendant who was not served prior to removal "retains the right to veto the removal" by moving to remand once it appears in the case. *Sorell v. Garrison Prop. & Cas. Ins. Co.*, No. 15-00845-CV-W-HFS, 2016 WL 9137638, at *2 (W.D. Mo. Mar. 17, 2016) (internal citations and quotation marks omitted).

Defendant James McLaurie has neither filed a notice of consent nor otherwise indicated that he consents to Liberty Mutual's removal. In fact, he has indicted that he objects to proceeding in federal court. Subsequent to removal, on February 20, 2025, counsel entered an appearance on Defendant James McLaurie's behalf, effectively waiving service, and on March 13, 2025, he filed both an answer and joined Plaintiff's Motion to Remand. (ECF Nos. 40 and 41). Defendant James McLaurie's joining in the motion to remand to state court signals that there is no unanimity among the defendants as to removal and proceeding in federal court. *Ford v. Associated Elec. Coop., Inc.*, No. 2:17-CV-71 CDP, 2017 WL 5903969, at

17

\*3 (E.D. Mo. Nov. 30, 2017) (finding an unserved defendant's motion to remand "signals that there is no unanimity among the defendants to the federal forum" and that the case should be remanded); *Saller*, 2016 WL 10637094, at \*2 (remanding for lack of unanimity after unserved defendant filed answer and motion to remand); *Sorell*, 2016 WL 9137638, at \*2 (remanding for lack of unanimity after unserved defendant filed voluntary entry of appearance and moved to remand).  Therefore, this Court finds this cause of action should be remanded to state court for lack of unanimity among the defendants as the proper forum for this suit.  The defendants do not agree as to the suitability of proceeding in federal court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff G.T.'s Motion for Remand is **DENIED** without prejudice.  [ECF No. 37]

**IT IS FURTHER ORDERED** that Defendant James McLaurie's joinder in the Motion to Remand indicates there is no unanimity among the defendants to proceed in this forum, and his Motion to Remand is **GRANTED**.  [ECF No. 41]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Charles County, Missouri. An appropriate Order of Remand will accompany this order.

Dated this 26th day of June, 2025.

                                                      _____
                                                        HENRY EDWARD AUTREY
                                             UNITED STATES DISTRICT JUDGE